**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50187 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00596-BEN-3 |
| v. | |
| GLORIA HILDA NAVARRETE, AKA Gloria Navarrete, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted August 10, 2017
Pasadena, California

Before:  REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.

"We review the district court's interpretation of the [U.S. Sentencing]

Guidelines de novo, the district court's application of the Guidelines to the facts of

the case for abuse of discretion, and the district court's factual findings for clear

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

error." *United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir. 2010). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court increased Navarrete's sentence under U.S.S.G. § 2D1.1(b)(12) for maintaining a stash house. *See* U.S.S.G. § 2D1.1(b)(12), cmt. n.17 (2015). Under the circumstances of this case, the district court did not err by imposing a sentence enhancement under § 2D1.1(b)(12).

2. U.S.S.G. § 3B1.1(c) provides for an upward adjustment based on the defendant's role in the offense. The district court found that Navarrete was "a lot closer to the top [of the drug-trafficking organization] than she was . . . to the bottom." The record supports the district court's findings. The district court did not err when it increased Navarrete's sentence by two levels for her role in the offense. *See United States v. Maldonado*, 215 F.3d 1046, 1050–51 (9th Cir. 2000); *United States v. Varela*, 993 F.2d 686, 691–92 (9th Cir. 1993).

**AFFIRMED.**